UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGEL KUBO,<br><br>               Plaintiff,<br><br>    v.<br><br>YUETING LIU a/k/a MARIE LOU, and<br>JOHN DOES 1-10,<br><br>               Defendants. | Docket No. 16-cv-02461<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Angel Kubo ("Plaintiff"), by her attorneys Cowan, DeBaets, Abrahams & Sheppard LLP, complains and alleges against defendants Yueting Liu a/k/a Marie Lou ("Liu") and John Does 1 through 10 (the "Doe Defendants" and, together with Liu, the "Defendants") as follows:

## NATURE OF THE ACTION

1.     This is an action for an injunction, damages and other appropriate relief arising out of Defendants' direct violations of Section 106 of the Copyright Act, 17 U.S.C. §§ 101, *et seq.* in connection with Plaintiff's original ear cuff earring.

2.     As detailed more fully below, Defendants have manufactured or imported identical or near-identical copies of Plaintiff's handmade ear cuff earring and sold the infringing jewelry items online through the online market at Etsy.com ("Etsy") using the username "momoda1shop" and the associated store front, momoda1shop.etsy.com. Plaintiff attempted to resolve this matter expeditiously through the notice-and-takedown procedure set forth in the Digital Millennium Copyright Act, but this has provided only temporary relief given that Defendants filed a baseless counter-notice: without Court intervention, Defendants will be permitted to repost the infringing jewelry items on Etsy.com in a matter of days.

3.      Accordingly, Plaintiff has found itself with little option but to avail itself of this Court to help put a stop to Defendants' sale of infringing jewelry items, which has caused Plaintiff to suffer untold and irreparable damages.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. § 501(b) and 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendants because Defendants transact continuous and systematic business in the State of New York.  Moreover, Defendants have purposefully availed themselves of the New York law, and could reasonably anticipate being haled into this forum to defend an action arising from their use of Etsy's website, because the contract governing such use contains a provision specifying that New York law applies.

6.      Venue is proper within this District pursuant to 28 U.S.C. §§ 1391 and 1400, and because Defendants' use of Etsy's website is governed by a contract that contains a forum-selection clause, specifying this judicial district, the United States District Court for the Eastern District of New York, as the venue for a federal action.

## THE PARTIES

7.      Plaintiff Angel Kubo is an individual domiciled in San Bruno, California.

8.      Defendant Yueting Liu a/k/a Marie Luo owns and operates the Etsy store front, momoda1shop.etsy.com.

9.      Defendants John Does 1 through 10 are the individuals and/or legal entities associated with the Etsy user "momoda1shop" who own and operate the Etsy store front, momoda1shop.etsy.com.  The true names of the Doe Defendants are unknown to Plaintiff at this time.  The Doe Defendants are known to Plaintiff only by the Etsy username "momoda1shop."  Plaintiff believes that information obtained through the subpoena recently served on Etsy

pursuant to 17 U.S.C. § 512(h) and/or in discovery will lead to the identification of the Doe Defendants' true names and will permit Plaintiff to amend this Complaint to state the same.

## **FACTUAL BACKGROUND**

10.     Plaintiff is a jewelry designer who personally designs and sculpts her creations, including rings, necklaces, and ear cuff earrings.  Plaintiff has been selling her original creations through her Etsy store front, ringringring.etsy.com, since 2010.

11.     Plaintiff is the exclusive owner of all intellectual property rights in and to her original and highly successful ear cuff earrings, including the "Laurel leaf – ear cuff earring, Nymph Daphne" (the "Original Ear Cuff").  Images of the Original Ear Cuff are attached hereto as Exhibit 1.

12.     The Original Ear Cuff was created by Plaintiff in 2012.  Plaintiff has enjoyed tremendous success since the initial sale of the Original Ear Cuff in April 2012.

13.     On November 1, 2012, Plaintiff obtained a registration with the U.S. Copyright Office in connection with the Original Ear Cuff (VA 1-840-588), a true and correct copy of which is attached hereto as Exhibit 2.

14.     Defendants own and operate the Etsy store front, momoda1shop.etsy.com.

15.     Through investigation, Plaintiff discovered that an Etsy user by the name "momoda1shop" was offering for sale, selling and distributing identical or near-identical copies of Plaintiff's Original Ear Cuff (the "Infringing Merchandise"), without authorization, through the Etsy store front, momoda1shop.etsy.com, at the following hyperlink, https://www.etsy.com/listing/275861528/sterling-silver-olive-leaf-ear-cuff.  The Infringing Merchandise slavishly replicates every stylistic detail of Plaintiff's Original Ear Cuff.  A true and correct copy of a screenshot of an item of Infringing Merchandise prepared by Plaintiff on April 26, 2016 is attached hereto as Exhibit 3.

3

16.     On April 27, 2016, Plaintiff submitted a notification to Etsy, pursuant to the Digital Millennium Copyright Act, 17 U.S.C. § 512, *et seq.* (the "DMCA"), via Etsy's online DMCA notification form (which can be accessed via the hyperlink, https://www.etsy.com/legal/ip/report), identifying and requesting the removal of the Infringing Merchandise (the "DMCA Notice").  A true and correct copy of the infringement report is attached hereto as Exhibit 4.

17.     Later that same day, Etsy contacted Plaintiff by email, stating that it had processed Plaintiff's notice of alleged copyright infringement, and that it removed the Infringing Merchandise identified in the DMCA Notice and contacted the affected members, in accordance with Etsy's intellectual property policy.

18.     On May 2, 2016, Etsy again contacted Plaintiff by email, this time to inform Plaintiff that it had received a counter notice in response to Plaintiff's DMCA Notice (the "DMCA Counter Notice").  Etsy provided Plaintiff with a copy of the DMCA Counter Notice, which included the name of the individual who submitted it – "Yueting Liu," as well as Liu's address, email address and phone number.

19.     Plaintiff contacted Liu regarding the Infringing Merchandise multiple times (beginning on May 2, 2016) using the email address and phone number Etsy provided.  To date, Plaintiff has not received any response.

20.     Upon information and belief, the contact information provided for Liu is false.  In attempt to ascertain the true identities of, and contact information for, Liu and the Doe Defendants, on May 11, 2016, Plaintiff served a subpoena on Etsy pursuant to DMCA § 512(h). Plaintiff has not yet received Etsy's response to the subpoena.

21.     Plaintiff has followed each and every legal avenue available to protect its valuable copyright rights in the Original Ear Cuff.  In accordance with DMCA § 512(g)(2), Etsy will

permit Defendants to reactivate or repost the Infringing Merchandise unless it receives notice from Plaintiff of an action seeking a court order against Defendants by May 16, 2016.  Plaintiff now files the instant Complaint to avoid this result.

## COUNT I – COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 101, *et seq.*)

22.     Plaintiff incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

23.     The Original Ear Cuff is an original work of authorship and constitutes copyrightable subject matter under the laws of the United States.

24.     Plaintiff duly complied with all laws pertinent to the Original Ear Cuff, registered the Original Ear Cuff with the U.S. Copyright Office (VA 1-840-588), and is the beneficial owner of the rights in the aforementioned work.

25.     At all times relevant to the Complaint, Plaintiff is and has been solely exclusively authorized to, among other things, reproduce and distribute the Original Ear Cuff.

26.     Plaintiff has not granted to Defendants any right or license to manufacture or distribute the Original Ear Cuff in any manner whatsoever.

27.     Defendants' unauthorized manufacture, reproduction, offer for sale, distribution and/or promotion of items that are identical or nearly identical to Plaintiff's Original Ear Cuff therefore constitutes infringement of Plaintiff's exclusive rights in the copyrights in and to the Original Ear Cuff, all in violation of 17 U.S.C. §§ 106 and 501.

28.     Upon information and belief, the foregoing acts of infringement by Defendants have been deliberate, willful and in utter disregard of Plaintiff's rights.

29.     Plaintiff is therefore entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 or such other amounts as may be proper, and to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

30.     Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiff.  Plaintiff has no adequate remedy at law and is thus entitled to an injunction along with damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands:

A.     That the Court find that Defendants directly infringed Plaintiff's copyright in the Original Ear Cuff;

B.     The issuance of a permanent injunction providing that, pursuant to 17 U.S.C. § 502, Defendants, their owners, partners, officers, directors, agents, servants, employees, representatives, licensees, subsidiaries, manufacturers and distributors, jointly and severally, be enjoined throughout the world during the pendency of this action and permanently thereafter from:

a.     copying or making any unauthorized use, either directly or indirectly, of Plaintiff's Original Ear Cuff in any form; and

b.     importing, manufacturing, reproducing, selling, offering for sale, promoting, advertising, distributing, and/or commercially exploiting in any manner, either directly or indirectly, the Infringing Merchandise or other items which incorporate Original Ear Cuff.

C.     The issuance of an order requiring an accounting, and that all gains, profits and advantages derived by Defendants by their acts of infringement be deemed held in a constructive trust for the benefit of Plaintiff;

6

D.      That, pursuant to 17 U.S.C. § 503, Defendants be required to deliver to the Court, or to some other person that the Court may designate, for ultimate destruction, any and all articles of merchandise, including the Infringing Merchandise and/or other items in Defendants' possession or control which might, if sold or distributed for sale, violate the injunction granted herein;

E.      For Defendants' acts of copyright infringement, that Plaintiff be entitled to recover all damages suffered by Plaintiff as a result of Defendants' infringing acts and all profits derived from Defendants wrongful acts in an amount to be determined at the trial of this action, as provided by 17 U.S.C. § 504(b); or statutory damages of up to $150,000 per infringing work as a consequence of Defendants' willful infringement of Plaintiff's copyright in the Original Ear Cuff;

F.      That Plaintiff be awarded the costs of this action together with reasonable attorneys' fees;

G.      That Plaintiff be awarded prejudgment and post-judgment interest; and

H.      That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff Angel Kubo demands a trial by jury on all issues so triable in this action.

Dated: New York, New York
      May 13, 2016

By:     /s/ Eleanor M. Lackman        
        Eleanor M. Lackman
        Cowan, DeBaets, Abrahams & Sheppard LLP
        41 Madison Avenue, 34th Floor
        New York, New York 10010
        Tel.: (212) 974-7474
        Fax: (212) 974-8474
        Email: ELackman@cdas.com

        *Attorneys for Angel Kubo*